## BRANDT v. McDOWELL.

1. **Practice**: CONTINUANCE: ABSENCE OF WITNESS. An affidavit of defendant's attorney, stating that defendant was a material witness, and that, because of the death of the plaintiff and the failure of his administrator to enter an appearance at the beginning of the term, he had been advised by his counsel that the case would not be tried at that term, and had thereupon left the county and was traveling on business, and his attendance could not be procured, was held not to constitute a sufficient showing for a continuance.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 25.

ACTION to forclose a mortgage. The defendant filed a motion for a continuance, which was overruled. Decree having been rendered against him, he appeals.

*M. D. McHenry & Son* and *W. E. Miller*, for appellant.

*Phillips & Conrad*, for appellee.

ADAMS, J.—The question presented is as to whether the court erred in overruling the defendant's motion for a continuance. The affidavit for a continuance was made by one of the defendant's attorneys, and shows, in substance, that the defendant was a material witness, and was then absent; that the action was brought in the name of one Beeson, the plaintiff's intestate; that a short time before the term at which the motion was made Beeson died; that after the commencement of the term the defendant was advised by his counsel that the case would not be tried that term, the administrator not then having entered an appearance; that the defendant was engaged in itinerant business in the state, and was at the time of making the affidavit, as the affiant understood, about one hundred miles southeast of Des Moines; that his attorney had endeavored to keep him notified, but that the case had been called earlier than the attorney expected.

*1. PRACTICE: continuance: absence of witness.*

In our opinion no sufficient excuse was shown for the defendant's absence. The fact that the administrator had not entered an appearance, or been substituted at the begining of the term constituted no reason for concluding that the case would not be tried that term. The defendant voluntarily absented himself on business, and went beyond the reach of immediate call. It would be improper to require courts to conform their business to the business of witnesses. In our opinion the motion was properly overruled.

AFFIRMED.