## KENT v. FAVOR.

Filed January 22, 1885.

1. PRACTICE—CONTINUANCE—AFFIDAVIT.
   In order to force the continuance of a cause, the affidavit upon which the application is founded must state all the facts required in the statute to be stated.[1]

2. SAME—INSTRUCTION TO JURY—CONFLICTING WITNESSES.
   In case of conflicting testimony it is eminently proper for the court to tell the jury to decide which witness has told the truth.

3. SAME—LACK OF FACT IN RECORD—PRESUMPTION.
   When there is nothing in the record and no evidence *aliunde* to show that the court instructed the jury orally instead of in writing, as required by the statute, the presumption is in favor of the court's observance of the law.

Appeal from Second judicial district court, Bernalillo county.

*Childers & Fergusson*, for appellee.

*A. J. Barr* and *Fiske & Warren*, for appellant.

WILSON, J. This action was commenced by the plaintiff below in the Second judicial district against the defendant, in which the plaintiff claimed a balance of rent against the defendant amounting to $256.66. The defendant denied that he owed any part of plaintiff's claim. A trial was had, and verdict and judgment were rendered in favor of the plaintiff in the court below for the amount of his claim. From this judgment, by regular process of law, the defendant appealed, and assigned the following specifications of error: (1) The court erred in admitting improper and irrelevant evidence on the part of the plaintiff; (2) the court erred in refusing the defendant a continuance and compelling him to go to trial, etc.; (3) the court improperly instructed the jury to find for the plaintiff against the defendant for $256.66, etc.

The first error assigned was virtually abandoned on the argument and is not sustained. To sustain the second error assigned, the counsel for the appellant cites only the statute of New Mexico; hence the inference arises that no fixed rule has yet been established how far the supreme court will review the action of a territorial judge in refusing an application to continue a case when it is regularly reached for trial. I am not at liberty to state the opinion of the court on this point, as I am not advised of their collective or individual opinion on the subject; but my own judgment, so far as I am advised, is adverse to regarding it as a subject of review by this court, believing it to be a matter of discretion to be exercised by the judge having charge of the case. This case does not require a judicial decision of the question, as a careful examination of the affidavit upon which the application for a continuance was founded does not disclose that it contains a statement of facts required by the statute to entitle the appellant to the continuance moved for in the court below.

The act referred to requires the affidavit to set forth "what particular facts, as distinguished from legal conclusions, the affiant believes

[1] See note at end of case.

the witness will prove, and that the affiant believes them to be true, and that he knows of no other witness by whom such facts can be fully proved." To comply with the requirements of this statute, the affidavit states that he expects to prove by the witnesses that he has fully paid plaintiff for all rent sued for, and that he does not owe the plaintiff anything whatever, but that the plaintiff is "justly indebted to affiant for goods, wares, and merchandise sold and delivered to him at his special instance and request." Instead of particular facts, as the statute requires, the affidavit sets forth a confused complication of legal conclusions and facts combined, and, instead of saying that affiant "believes the witnesses will prove," he substitutes "expects" for belief; and, instead of setting forth "that he knows of no other witnesses by whom such facts can be fully proved," it is stated that he "cannot prove the same facts by any other persons present." If a party expects to force the continuance of a cause by virtue of an authority contained in a statute against the best convictions of the court, the provisions of the statute must be strictly complied with, which, in this case, was not done, and consequently the second error assigned is not sustained.

The third and fourth errors relate to the charge of the court, and may be considered together. It is immaterial in this case whether a verbal lease for one year and an occupancy beyond its termination constitute a tenancy from year to year or not, as the plaintiff does not seek to charge the defendant for rent beyond the term that the defendant or his subtenant occupied the premises.

The plaintiff testified, in substance, that the defendant, by special arrangement after he had occupied the premises a year or more, agreed to pay him, the plaintiff, per month, $83.33 rent for the months of June and July, and $60 per month for the months of July and August, 1883, and that the defendant had paid him $30, which ought to be applied as payment on the same, and that left a balance of $256.66 rent due by the defendant to him, the plaintiff. A man by the name of Easterday was called as a witness by the plaintiff, who had occupied a portion of the premises as subtenant under the defendant. While this witness seemed to forget everything that was material to either plaintiff or defendant, yet, upon the whole, his testimony to some extent corroborated the plaintiff's evidence. The defendant testified in his own behalf, and denied every material fact testified to by the plaintiff, and expressly denied that he owed the plaintiff for rent, or in any other manner. The testimony of these three witnesses was the whole evidence in the case. Under substantially the foregoing state of facts the court charged the jury:

"Now, gentlemen, comes the question of fact, who tells the truth, and you cannot avoid passing upon that question, and I cannot throw any light upon it. It is for you to say whether the story of the plaintiff, Kent, and Dr. Easterday, under all the circumstances, is true, or whether the story of the defendant, Favor, is true. If you find for the plaintiff, you will find for him in the sum of $256.66 ; otherwise, you will find for the defendant."

These instructions, instead of being error, were eminently proper, under the evidence in the case. It is further complained, as error, that "the court erred in giving his instructions of law orally to the jury, contrary to the statute in such case made and provided." The record on its face does not sustain the error complained of, and there is no evidence *aliunde;* hence the legal presumption is that the charge of the court was delivered to the jury according to law. In a thorough examination of the whole record in this case we are unable to discover any error of which the defendant has any right to complain. The judgment of the court below is affirmed.

AXTELL, C. J., concurs.

### NOTE.

CONTINUANCE—SUFFICIENCY OF AFFIDAVIT—DISCRETION. The granting or refusing a continuance is a matter within the sound discretion of the trial court, and no appeal lies from its ruling in that respect, except in case of palpable abuse of discretion. Territory v. Kinney, 3 N. M. 97, 2 Pac. Rep. 357; Westheimer v. Cooper, (Kan.) 19 Pac. Rep. 852; State v. O'Neil, (Or.) 9 Pac. Rep. 284; Davis v. Read, (Ark.) 12 S. W. Rep. 558. In *Pennsylvania* and *South Carolina*, it is held that a refusal to grant a continuance is not assignable as error. Lingenfelter v. Williams, (Pa.) 9 Atl. Rep. 653; Dial v. Insurance Co., (S. C.) 8 S. E. Rep. 27. But the general doctrine is that while the action of the court in granting or refusing a continuance is discretionary, yet, in case of abuse of discretion, its action will be reviewed by the appellate court. The following points of practice in respect of continuances have been decided in the *New Mexico* cases. There is no abuse of discretion in refusing a second continuance when the affidavit in support of the application is inconsistent with the one made in support of the application for the first continuance. Thomas v. McCormick, 1 N. M. 369. So where the continuance is asked, on the ground that the record of a former recovery for the same cause of action is absent, it is properly refused when there is no plea under which such record would be admissible in evidence. Waldo v. Beckwith, Id. 182. See, also, as to the necessity that the evidence shall be admissible under the pleadings, Clark v. Mullen, (Neb.) 20 N. W. Rep. 642. The affidavit must set out the evidence that the absent witness is expected to give, so that the court can judge of its relevancy and materiality. Beall v. Territory, 1 N. M. 507.

The affidavit must not only set out the testimony which the absent witness will give, but also all the facts that will make the testimony material, and, if it fail to do this, it is proper to deny the motion for a continuance. Thus an affidavit alleging that the absent witness will testify that he received from defendant a sum of money for the plaintiff in payment of his demand is insufficient for want of an allegation that the witness was plaintiff's agent, or otherwise authorized to receive the money on his behalf. Dold v. Dold, Id. 397. Where the affidavit shows that defendant has used all possible diligence to procure the attendance of the absent witness, and the prosecution refuses to admit what he expects to prove by the witness, the court has no discretion in the matter, but defendant is entitled to a continuance as a matter of right under the statute. Territory v. Kinney, 3 N. M. 369, 9 Pac. Rep. 599. The statute requires that the affidavit shall contain a statement of particular facts instead of legal conclusions, and it has been decided that an affidavit, stating that the absent witness would prove that he had located the land in controversy as a mill-site in connection with a mining claim, is insufficient, as it alleges a conclusion of law. Deemer v. Falkenburg, 12 Pac. Rep. 717.

Parties must keep track of their own causes, and their absence is never ground for continuance unless good cause be shown. Allis v. Distilling Co., (Wis.) 29 N. W. Rep. 543. That a defendant left after the commencement of the term, by the advice of his attorney, who told him that the case would not be called at that term because the administrator of the dead plaintiff had not entered his appearance as substituted plaintiff, is not a sufficient excuse for his absence. Brandt v. McDowell, (Iowa,) 2 N. W. Rep. 1100. The affidavit of an attorney that he believes his client's absence to be due to sickness in his family is insufficient to entitle him to a continuance. McBride v. Stradley, (Ind.) 2 N. E. Rep. 358. So where the only evidence of the party's sickness is the certificate of his physician, unsupported by any affidavit, a continuance is properly refused. Harlow v. Warren, (Kan.) 17 Pac. Rep. 159; but where the party's physician makes affidavit that his patient is ill, and unable to attend court, and will be for several days, the continuance should be granted. Mathews v. Willoughby, (Ga.) 11 S. E. Rep. 620. A party's mistake as to the day of trial is not a sufficient ground for con-

tinuance, for he could have avoided such a contingency by having his own deposition taken. Mayer v. Duke, (Tex.) 10 S. W. Rep. 565. In the above cases relating to parties, the materiality of the absent party's testimony is admitted.

Where the affidavit, in support of the application for a continuance, conforms to the statutory requirements and rules of court, and states substantially good grounds, it is an abuse of discretion to refuse the continuance. Johnson v. Dinsmore, (Neb.) 9 N. W. Rep. 558; Parks v. Insurance Co., (Iowa,) 28 N. W. Rep. 424. And where it appears that the subpœna was inadvertently made out to and served on the brother of a material witness instead of on the witness, and that the mistake was not discovered until too late to rectify it, a continuance should be granted, Myers v. Trice, (Va.) 11 S. E. Rep. 428; but the refusal to grant a continuance on the ground of the suppression of a material deposition, which the attorneys had orally agreed should be admitted, is not an abuse of discretion, Borland v. Railway Co., (Iowa,) 42 N. W. Rep. 590.

The affidavit must set out the facts constituting diligence, and must not allege generally that the affiant has been diligent in his efforts to procure the attendance of the absent witnesses, and it must also show that the witnesses, or their evidence, will be produced by the next term. Ingalls v. Noble, (Neb.) 15 N. W. Rep. 351; Kilmer v. Railway Co., (Kan.) 14 Pac. Rep. 465; Watson v. Manufacturing Co., (Tex.) 2 S. W. Rep. 353. The diligence disclosed by the affidavit must be actual and active, and, where it appears that the deposition of the absent witness could have been taken, there is no abuse of discretion in refusing a continuance. Railway Co. v. Wheat, (Tex.) 3 S. W. Rep. 455. That an absent witness will prove that the value of the property sued for is less than claimed in the petition is no ground for continuance. Railway Co. v. Horne, (Tex.) 9 S. W. Rep. 440. The affidavit must show affirmatively that the absent testimony will be procured, Rowland v. Shephard, (Neb.) 43 N. W. Rep. 344; that there are no other witnesses who can prove the facts expected to be proved by the absent witness, State v. Marshall, (Nev.) 8 Pac. Rep. 672; and, when there are no written pleadings, it must show that issues will arise in the trial upon which the facts to be proved by the absent witness will be material, Hewes v. Andrews, (Colo.) 20 Pac. Rep. 338.

In *Iowa* and *Nebraska*, the affidavit in support of an application for a continuance is not traversable, but the facts alleged must be taken to be true, State v. Dakin, (Iowa,) 3 N. W. Rep. 411; Hair v. State, (Neb.) 16 N. W. Rep. 829; but in *California* and *Georgia*, counter-affidavits may be filed, Kneebone v. Kneebone, (Cal.) 23 Pac. Rep. 1031; Waldrup v. Maxwell, (Ga.) 10 S. E. Rep. 597. Where the party resisting the continuance admits the testimony set out in the affidavit, he simply admits that the absent witness will testify to those facts, but does not admit their absolute truth. Sanford v. Gates, (Kan.) 16 Pac. Rep. 807.