# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                      **NO.  29,399**

**MICHAEL GARCIA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Albert S. "Pat" Murdoch, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Michael Garcia
Clayton, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals, pro se, the district court's judgment and sentence entered pursuant to a plea of no contest to second degree murder. We issued a calendar notice proposing to affirm, and Defendant has responded with a pro se memorandum in opposition. We affirm.

**Failure to Reserve Issues For Appeal**

"A plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, including the right to appeal." *State v. Hodge*, 118 N.M. 410, 414, 882 P.2d 1, 5 (1994). A defendant's right to appeal following a guilty plea is limited to jurisdictional challenges and those issues specifically reserved in the plea agreement. *See id*. at 414-418, 882 P.2d at 5-9; *see also* Rule 5-304(A)(2) NMRA ("With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty, no contest or guilty but mentally ill, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pre-trial motion.").

In the present case, Defendant entered a plea of no contest, in which he did not specifically reserve any issues for appellate review or otherwise indicate that his plea was conditioned. [RP 82] In fact, Defendant's plea agreement specifically waived any and all of his motions, defenses, and the right to appeal. [RP 84]

Because of the failure to reserve the adverse determination of a non-jurisdictional pre-trial issue prevents appellate review, we affirm the district court's judgment and sentence. *See Hodge*, 118 N.M. at 414, 882 P.2d at 5; *see also State v.*

2

*Davis*, 2000-NMCA-105, ¶ 1, 129 N.M. 773, 14 P.3d 38 (refusing to reach the merits of the defendant's due process claim for the failure to reserve the issue in the plea agreement). To the extent that Defendant believes his claim has merit, it would need to be addressed in a habeas proceeding. *See Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993). We also note that, even if we were inclined to consider Defendant's ineffective assistance claim, his assertions are not matters of record subject to direct review. *See State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984) (holding that an appellate court may not consider matters not of record). In short, regardless of the merits of the claims that Defendant is making in this direct appeal, he is procedurally barred from raising them and he must pursue the collateral procedure for review that exits for habeas relief.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

3

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**RODERICK T. KENNEDY, Judge**