This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 32,935**

**JEREMY ZAMORA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth Martinez, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1} Defendant appeals from a district court on-the-record judgment affirming a metropolitan court judgment that resulted from his conditional guilty plea to Driving While Intoxicated, in which he reserved the right to raise a speedy trial challenge on appeal. We issued a calendar notice proposing to affirm. The State then filed a motion to dismiss based on a challenge to this Court's jurisdiction, and Defendant filed a response. We hereby deny the State's motion. *See State v. Carroll*, 2013-NMCA-___, ___ P.3d ___, ¶¶ 1, 5, 9, 12 (No. 32,909, Oct. 21, 2013). Defendant has also filed a memorandum in opposition. Not persuaded, we affirm.

{2} **Issues A, B:** Defendant continues to claim that the Public Defender's "horizontal representation," where multiple attorneys may be assigned to a case, constitutes ineffective assistance of counsel and violates due process. In this case, Defendant entered into a conditional guilty plea in metropolitan court, solely reserving a speedy trial issue. [RP 107] "[A] plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, including the right to appeal." *State v. Hodge*, 1994-NMSC-087, ¶ 14, 118 N.M. 410, 882 P.2d 1. A defendant's right to appeal following a guilty plea is limited to jurisdictional challenges and those issues that are specifically reserved in the plea agreement. *See id*; *see also* Rule 5-304(A)(2) NMRA ("With the

2

approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or no contest [or guilty but mentally ill], reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pre-trial motion.").

{3}     As indicated, Defendant did not reserve the right to raise an ineffective assistance of counsel claim or a due process challenge. Because of the failure to reserve these non-jurisdictional challenges, our calendar notice propose to affirm on these two issues. *See State v. Davis*, 2000-NMCA-105, ¶ 1, 129 N.M. 773, 14 P.3d 38 (refusing to reach the merits of the defendant's due process claim for the failure to reserve the issue in the plea agreement); *State v. Chavarria*, 2009-NMSC-020, ¶ 9, 146 N.M. 251, 208 P.3d 896 (recognizing that a voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds).

{4}     In his memorandum in opposition, Defendant argues that the due process claim is subsumed within the ineffective assistance claim, and that both may be considered because ineffective assistance of counsel does not need to be preserved. [MIO 2] However, even if we assume, arguendo, that ineffective assistance of counsel did not need to be reserved (as opposed to preserved), our calendar notice alternatively proposed to affirm on the merits. There is a two-fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell

3

below that of a reasonably competent attorney, and (2) that the defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on the defendant to prove both prongs. *Id.* In this case, we believe that Defendant's broad challenge to "horizontal representation" does not satisfy either prong, especially prejudice. *Cf. In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). We therefore conclude that the issue does not have merit on direct appeal. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

{5}     **Issue C:** Defendant continues to claim that his constitutional right to speedy trial was violated. As indicated, Defendant reserved this issue for appeal. [RP 108] Defendant's specific claim has been that the periods of delay that resulted from the "horizontal representation" should not have been attributable to him. In support, Defendant's docketing statement referred us to *State v. Stock*, 2006-NMCA-140, 140 N.M. 676, 147 P.3d 885. [DS 7-8] In *Stock*, the district court attributed a two-and-a-half year delay to the defense counsel's repeated requests for continuances and a nearly "complete lack of attention to the case on the part of both the State and defense counsel." 2006-NMCA-140, *¶¶* 18-20. The district court had found that the public defenders were working under extreme and unworkable case load levels, and thus

4

weighed the delay caused by the inactions of the public defenders against the State. *Id.* ¶¶ 8, 10, 26. The court further found that the defendant was not responsible in acquiescing to the delay, because he had the intellectual capacity of a twelve-year-old, and thus was incapable of considering and acquiescing to the actions of the various public defenders. *Id.* ¶ 11.

{6} On appeal, this Court affirmed the district court's analysis. *Id.* ¶ 29. While recognizing the general rule that a defendant is held accountable for the actions of his or her attorney, we nonetheless also recognized that, in certain cases, attorney neglect could not be held against a defendant. *Id.* ¶¶ 18, 21-22. We concluded that *Stock* was such a case, and thus we affirmed the district court's conclusion that the reasons for delay must weigh against the State. *Id.* ¶¶ 26, 29.

{7} Our calendar notice proposed to distinguish *Stock* for the reasons discussed in the district court memorandum opinion. [RP 176-77] Specifically, the delays were for the benefit of Defendant, and unlike *Stock*, where the proceedings languished for two-and-a-half years, the proceedings progressed in a reasonable manner, addressing issues as they arose in a timely fashion. [RP 177] In his memorandum in opposition, Defendant does not refer to *Stock*, but instead cites *Peralta v. State*, 1991-NMSC-034, ¶ 1, 111 N.M. 667, 808 P.2d 637, where our Supreme Court reversed the dismissal of a de novo trial in district court based on a defense attorney's lack of preparedness. The distinction with the current case is that the defendant in *Peralta* would not have

5

received a district court trial, whereas here Defendant received the opportunity for a trial, and he has not established that reversal is warranted under the applicable speedy trial analysis.

**{8}** For the reasons set forth above, we affirm.

**{9}** **IT IS SO ORDERED.**

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

**LINDA M. VANZI, Judge**