# 618

471 P.2d 188

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles TOOKE, Defendant-Appellant.**

No. 452.

Court of Appeals of New Mexico.

May 28, 1970.

Wycliffe V. Butler, Butler & Colberg, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Mark B. Thompson, III, Asst. Atty. Gen., for appellee.

## OPINION

HENDLEY, Judge.

Defendant was convicted of attempted forgery. Sections 40A–16–9 and 40A–28–1, N.M.S.A. 1953 (Repl. Vol. 6). He appeals giving two grounds for reversal. We affirm.

1. "THERE CAN BE NO CONVICTION OF ATTEMPTED FORGERY IF THE SUBSTANTIVE CRIME IS COMPLETE."

The applicable portion of the forgery statute, § 40A–16–9, supra, is subsection B, which defines forgery as " * * * knowingly issuing or transferring a forged writing with intent to injure or defraud. * * *" Defendant was convicted of an attempt to violate this subsection. His contention is that this subsection covers an attempted forgery and, therefore, our "attempt" statute, § 40A–28–1, supra, is not applicable. He asserts that when he attempted the forgery there was a violation of § 40A–16–9(B), supra, and he could not be convicted of an attempt under § 40A–28–1, supra.

Defendant reaches his contention by equating the statutory terms "issuing or

transferring" with "presentment, offering or issuing", by equating the statutory terms with the common law concept of "uttering" and by asserting that "uttering" was an attempt. We do not answer defendant's contentions because they are based on language that does not appear in the statute. Our concern is with the statutory language.

 The subsection uses the terms "issuing" and "transferring." Section 40A–16–9, supra. Both these terms encompass a delivery to one who is a holder with the passing of interests from one to another. See § 50A–3–102(1) (a), N.M.S.A. 1953, (Repl.Vol. 8, pt. 1); Ditto Investment Company v. Ditto, 302 S.W.2d 692 (Tex.Civ.App.1957), reversed on other grounds 158 Tex. 104, 309 S.W.2d 219 (1958). It is possible to have a physical act which is an attempt to transfer one's interest but to have such an attempt thwarted at some stage of perpetration. See State v. Lopez, 81 N.M. 107, 464 P.2d 23 (Ct.App.1969).

Under the facts of this case no acts satisfying a completed crime of forgery under our statute were introduced into evidence. The evidence showed that when defendant presented a forged instrument to be cashed, he was told by a checkout clerk to have the check "okayed." The "okayer" physically held the check while he called Safety Check to ascertain its validity. There was no transfer of rights to the "okayer" at this point or at any other time. While the check, physically, was transferred from defendant to the "okayer" this physical transfer was not a passing of any interest in the check. There was no transfer within the meaning of § 40A–16–9, supra. Defendant's attempt to pass the check never succeeded. Thus, the crime of forgery was never completed.

2. "THIS IS NO EVIDENCE TO SUPPORT GEOGRAPHIC JURISDICTION WITHIN THE STATE OF NEW MEXICO."

This is first raised on appeal. Being jurisdictional it is properly before us. Section 21–2–1(20) (1), N.M.S.A. 1953; State v. Buchanan, 78 N.M. 588, 435 P.2d 207 (1967).

Plaintiff contends the record does not "establish in what State the events described, at Boy's Super Market, took place." However, it does not follow that there was a lack of jurisdiction. New Mexico allows its courts to take judicial notice of boundaries of the state and counties therein. Trujillo v. Dimas, 61 N.M. 235, 297 P.2d 1060 (1956).

The evidence at trial showed that Boy's Super Market was in Bernalillo County. This testimony would permit the trial judge or this court to take judicial notice of the fact that Bernalillo County is located in the State of New Mexico. See Boddie v. State, 6 Md.App. 523, 252 A.2d 290 (1969); Hall v. State, 312 P.2d 981 (Okl.Crim.1957).

Affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.