772 P.2d 891

### The INCORPORATED COUNTY OF LOS ALAMOS, New Mexico, Plaintiff–Appellant,

v.

### Albert B. MONTOYA, Elizabeth Bishop, Antonio Molina, and Elizabeth Bridgman, Defendants–Appellees.

### Elizabeth BISHOP, Plaintiff–Appellee,

v.

### The INCORPORATED COUNTY OF LOS ALAMOS, New Mexico, and the Honorable L.M. Holland, Municipal Judge, Defendant–Appellant.

### No. 10556.

Court of Appeals of New Mexico.

Feb. 7, 1989.

Certiorari Denied March 21, 1989.

Oliver H. Miles, County Atty., Phyllis I. Hedges, Asst. County Atty., Byron Treaster, Associate County Atty., Los Alamos, for plaintiff-appellant.

Thomas J. Cruse, Griffith, Boone and Cruse, Los Alamos, for defendants-appellees.

Steven Barshov, Santa Fe, for amicus curiae New Mexico Municipal League, Inc.

## OPINION

MINZNER, Judge.

Appellant, County of Los Alamos, appeals from a district court decision declaring: (1) that Los Alamos County Municipal Court lacks subject matter jurisdiction to try first offenders for driving while intoxicated (DWI), contrary to local ordinance; and (2) that the local ordinance under which defendant appellees were charged is unconstitutional. We reverse and remand.

BACKGROUND.

In 1986, the Los Alamos County Council adopted an ordinance establishing mandatory minimum sentences for certain DWI offenders. The ordinance requires that first offenders who have a blood alcohol level of .15 or more and who are convicted under the ordinance serve a mandatory jail term of 72 hours. The ordinance provides, in relevant part:

C. Notwithstanding any provision of law to the contrary for suspension or deferment of execution of a sentence, upon a first conviction under this section, where it is shown that the offender submitted to chemical testing and the test result indicated fifteen one-hundredths of one percent or more by weight of alcohol in the person's blood, each offender shall be punished by imprisonment for not less than seventy-two hours which shall not be suspended or deferred or taken under advisement, and each offender shall be assigned to attend a driver rehabilitation program, also known as the "Driving–While–Intoxicated–School," approved by the court. On a first conviction under this section any time spent in jail for the offense prior to the conviction for that offense shall be credited to any term of imprisonment fixed by the court.

Los Alamos County, N.M.Code § 10.24.140(C) (1986).

The state statute differs from the ordinance. *See* NMSA 1978, § 66–8–102(D) (Supp.1988). Under the state statute, the sentence for a DWI first offender may be suspended in whole or in part, and it may be deferred. *Id.; cf.* § 66–8–102(E) (upon a second conviction occurring within five years of a prior conviction, each offender shall be sentenced to a jail term of not less than forty-eight consecutive hours).

Appellees are all first time offenders who pled no contest or were tried and found guilty in municipal court of charges filed pursuant to the ordinance. Each reserved the right to challenge the constitutional validity of the mandatory sentencing provision. Appellees Bridgman and Molina were sentenced under the Los Alamos ordinance to attend DWI school, which if successfully completed, would result in dismissal of the DWI charges. They were sentenced during a period when the district court had issued an Alternative Writ of Mandamus ordering the municipal court to exercise discretion in sentencing. The writ was later quashed. The writ was issued upon appellee Bishop's petition for a writ of mandamus in connection with her civil action for declaratory judgment. Ultimately, her civil action was consolidated with appeals from the four criminal convictions.

On appeal from the municipal court, the district court ruled the ordinance unconstitutional. The district court found that "[i]n Los Alamos persons charged with driving while intoxicated have been cited into either magistrate or municipal court at the sole discretion of the arresting officer." In addition, the district court determined *sua sponte* that the municipal court did not have jurisdiction over defendants. Appellant challenges both rulings.

The briefs filed on appeal cite unpublished decisions of the federal and state district court bearing on the issues before us. Unpublished case law from state district or federal courts is instructive, but not binding on this court. *See Taco Bell v. City of Mission*, 234 Kan. 879, 678 P.2d 133 (1984). The attachments to amicus curiae's brief rendered it in excess of the length outlined in SCRA 1986, 12–213(F). Counsel is cautioned to follow applicable appellate rules. We will not consider attachments to a brief which impermissibly exceed the limitation specified in Rule 12–213(F).

MUNICIPAL COURT JURISDICTION.

■ The trial court ruled that the municipal court lacked subject matter jurisdiction to try defendants, because Section 66–8–102(F) grants exclusive jurisdiction over first offenses to the district and magistrate courts. Appellant argues the trial court erred in construing the legislature's intent. We agree.

Section 66–8–102(F) provides, in pertinent part:

In the case of a first offense under this section, the magistrate court has concurrent jurisdiction with district courts to try the offender. This section does not affect the authority of a municipality under a proper ordinance to prescribe penalties for driving while under the influence of intoxicating liquor or drugs.

The statute grants concurrent jurisdiction to magistrate and district courts in DWI cases brought under Section 66–8–102. Because charges against all defendants were brought under the ordinance rather than the statute, the statute does not preclude the municipal court from exercising jurisdiction. In addition, NMSA 1978, Section 35–14–2 (Repl.Supp.1988) specifically grants municipal courts the authority to enforce all municipal ordinances.

Appellant is an incorporated county pursuant to the state constitution. *See* N.M. Const. art. X, § 5. Under the constitution, an incorporated county may exercise all powers granted to municipalities by statute. *Id.* Furthermore, the trial court found that Los Alamos County is incorporated and that it is an H class county.

Therefore, it meets the definition of a municipality as stated in NMSA 1978, Section 3–1–2(G) (Repl.Pamp.1987). By statute, the governing body of a municipality may adopt ordinances "not inconsistent with the laws of New Mexico" for certain purposes. *See* NMSA 1978, § 3–17–1 (Supp.1988); *see also Mares v. Kool*, 51 N.M. 36, 177 P.2d 532 (1946). Under these circumstances, we conclude that the municipal court had jurisdiction to enforce the ordinance.

VALIDITY OF THE ORDINANCE.

The ordinance mandates three days in jail for first offenders with a particular blood alcohol level, while state law permits a trial court to defer or suspend sentence whatever the blood alcohol level content, until a second offense within five years of a prior one. Appellees challenge the validity of the ordinance on two grounds.

First, appellees contend the ordinance conflicts with NMSA 1978, Section 66–8–107 (Repl.Pamp.1987), and NMSA 1978, Section 66–5–29 (Repl.Pamp.1984) (amended by 1988 N.M. Laws, ch. 56, § 4, effective July 1, 1988), and is therefore invalid pursuant to Section 3–17–1, which authorizes only municipal ordinances that are consistent with state law. Second, appellees contend that the ordinance denied defendants' rights secured by the New Mexico Constitution. *See* N.M. Const. art. II, § 18. These include the rights to equal protection of the laws and due process. The record does not indicate the basis for the trial court's ruling. We address each argument separately.

CONFLICT WITH STATE STATUTE.

■ Section 66–5–29 is a provision directed to the administrative agency responsible for revoking licenses to drive from individuals who have been convicted for various offenses. The statute as it existed at the time appellees were charged provided, in pertinent part, that:

A. The division shall forthwith revoke the license of any driver upon receiving a record of the driver's adjudication as a delinquent for or conviction of any of the following offenses, whether the offense is under any state law or local ordinance,

when the conviction or adjudication has become final:

* * * * * *

(2) driving a motor vehicle while under the influence of intoxicating liquor * * * which renders him incapable of safely driving a motor vehicle; *provided, however, a first offender, at the discretion of the trial court after a presentence investigation, including an inquiry to the division concerning the driver's driving record, shall receive a deferred sentence on the condition that the driver attend a driver rehabilitation program* * * *. [Emphasis added.]

Appellees argue the underlined language creates an entitlement, a right to the possibility that the trial court will exercise its discretion to defer or suspend all jail time for first offenders. Appellees argue that the Los Alamos ordinance, which removes discretion from the trial court, conflicts with state law. We disagree.

Although the trial court was authorized under the language of Section 66–5–29, as it appeared at the time appellees were charged, to exercise its discretion as to whether or not to impose a deferred sentence for a DWI first offender, the maximum penalty prescribed which may be imposed upon first offenders under the ordinance does not exceed that prescribed under the statute. The reference to discretion in Section 66–5–29 addresses what is to occur in those instances where the trial court is permitted to exercise discretion. In context, the phrase "a first offender * * * shall receive a deferred sentence" must be interpreted as meaning "a first offender * * * may receive a deferred sentence."

■ Appellees also contend a conflict exists between the ordinance and the Implied Consent Act, Section 66–8–107, because the ordinance discourages potential DWI defendants from submitting to chemical tests indicating blood alcohol level. Appellees theorize that a driver who knows a blood alcohol level of .15 is required for conviction under the ordinance will refuse to submit to a chemical test. We are not persuaded. If this were a plausible argument,

any ordinance or state law requiring proof of intoxication by a chemical test would be considered to be in conflict with the Implied Consent Act.

Appellees have misconstrued the purpose of the Implied Consent Act. In *McKay v. Davis*, 99 N.M. 29, 653 P.2d 860 (1982), our supreme court construed the legislative purpose of the consent act as intending "to deter driving while intoxicated and to aid in discovering and removing the intoxicated driver from the highway." *Id.* at 30, 653 P.2d at 861. Rather than attempting to encourage drivers to submit to chemical testing, the Act recognizes a "driver's statutory power to refuse to submit to the physical act of intrusion upon his body" as a result of forcible testing. *Id.* at 31, 653 P.2d at 862.

■ We conclude that the Los Alamos ordinance complements state law rather than conflicts with it, according to the principles enumerated by this court in *City of Hobbs v. Biswell*, 81 N.M. 778, 473 P.2d 917 (Ct.App.1970). In *Hobbs*, a local ordinance governing the activities of pawnbrokers was challenged as being in conflict with a similar state statute. This court held that an ordinance is not necessarily invalid simply because it provides for greater restrictions than state law. Rather, the tests are whether the stricter requirements of the ordinance conflict with state law, and whether the ordinance permits an act the general law prohibits, or prohibits an act the general law permits.

Applying these tests to the present case, the ordinance is valid. Section 66–8–102(F) provides that a municipality may, under a proper ordinance, prescribe penalties for driving while under the influence of intoxicating liquor or drugs. In enacting this provision, the legislature did not qualify the municipality's authority. The ordinance prohibits the same act the general law prohibits, and it appears to further state policy.

CONSTITUTIONALITY.

Appellees base their equal protection argument on *State v. Chavez*, 77 N.M. 79, 419 P.2d 456 (1966). The *Chavez* opinion

did not address the same question presented herein. There, the question was whether the prosecutor had charged defendant under the proper statute. Defendant contended that he had been charged under the wrong statute, a more general rather than the more specific statute. The supreme court, by interpreting the legislative intent of the two statutes in question, held that the defendant had been charged under the correct statute.

However, the court also specifically overruled *Aragon v. Cox*, 75 N.M. 537, 407 P.2d 673 (1965), stating: "We no longer subscribe to [the] view which would permit the law enforcement authorities to subject one person to the possibility of a greater punishment than another who has committed an identical act. This would do violence to the equal protection clauses of our state and federal constitutions." *State v. Chavez*, 77 N.M. at 82, 419 P.2d at 459. The court cited *State v. Pirkey*, 203 Or. 697, 281 P.2d 698 (1955), which held it was unconstitutional for two statutes with virtually identical elements to prescribe different punishments offering no real basis for distinction. The court reasoned this would impermissibly grant unbridled powers to the prosecutor to determine the punishment.

In *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), the United States Supreme Court held that duplicative statutes containing overlapping definitions of the same criminal conduct and identical elements of proof, but providing different penalties, do not necessarily violate the constitutional guarantees of due process and equal protection. In affirming the defendant's conviction, Justice Marshall, writing for the Court, stated there is no significant difference "between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements." *Id.* at 125, 99 S.Ct. at 2205. He added, however, that such selectivity and discretion are subject to constitutional constraints; equal protection principles prohibit selective enforcement of the laws on

constitutionally impermissible bases such as race, religion, or other arbitrary classifications. Thus, under *Batchelder*, to show a violation of equal protection when duplicative laws are involved, a criminal defendant must show a discriminatory basis for the prosecution.

Since the *Batchelder* decision, a majority of jurisdictions have followed its reasoning. *See Hart v. State*, 702 P.2d 651 (Alaska App.1985); *Crews v. State*, 366 So.2d 117 (Fla.App.1979); *State v. Pickering*, 462 A.2d 1151 (Me.1983); *State v. Secrest*, 331 N.W.2d 580 (S.D.), *dismissed by* 464 U.S. 802, 104 S.Ct. 47, 78 L.Ed.2d 68 (1983); *State v. Cissell*, 127 Wis.2d 205, 378 N.W. 2d 691 (1985), *cert. denied*, 475 U.S. 1126, 106 S.Ct. 1651, 90 L.Ed.2d 194 (1986). The Oregon Supreme Court decided that *Batchelder* overruled its earlier decision in *State v. Pirkey. See City of Klamath Falls v. Winters*, 289 Or. 757, 619 P.2d 217 (1980).

A minority of jurisdictions have not adopted the *Batchelder* standard. Instead, in Washington and Colorado, courts have held there is a violation of equal protection and due process when separate statutes with identical elements penalize an individual differently for the same conduct. *See People v. Mumaugh*, 644 P.2d 299 (Colo. 1982) (En Banc); *People v. Marcy*, 628 P.2d 69 (Colo.1981) (En Banc); *People v. Estrada*, 198 Colo. 188, 601 P.2d 619 (1979) (En Banc); *State v. Jessup*, 31 Wash.App. 304, 641 P.2d 1185 (1982).

■ At oral argument, appellant suggested that *Batchelder* has overruled *Chavez. See City of Klamath Falls v. Winters.* We note that this court is governed by the precedents of the supreme court. *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973). This is true even when a United States Supreme Court decision seems to the contrary. *State v. Manzanares*, 100 N.M. 621, 674 P.2d 511 (1983), *cert. denied*, 471 U.S. 1057, 105 S.Ct. 2123, 85 L.Ed.2d 487 (1985).

However, it is not clear that *Batchelder* was intended to apply to identical rather than overlapping statutes. *See State v.*

*Pickering; but see State v. Cissell.* Further, it would not be dispositive on the question of how the state constitution should be interpreted. *See, e.g., People v. Mumaugh.*

In any event, we are not persuaded that *Batchelder* is dispositive of this case. When two different jurisdictions have enacted relevant legislation, different considerations arise than when one jurisdiction enacts two statutes with identical or overlapping provisions. The initial equal protection question is whether the ordinance has a rational basis. A second question is whether appellees are denied equal protection because they were punished more severely than if they had driven while intoxicated outside Los Alamos County. Finally, we must ask whether appellees were denied equal protection if county enforcement officers exercise discretion to charge under either the statute or the ordinance.

Equal protection does not prohibit a legislative body from making classifications, as long as there is a rational basis for the classification. *Chapman v. Luna,* 101 N.M. 59, 678 P.2d 687 (1984), *cert. denied,* 474 U.S. 947, 106 S.Ct. 345, 88 L.Ed.2d 292 (1985). The ordinance itself is not discriminatory on its face because it treats all persons with blood alcohol levels of .15 or more the same, and this class is not suspect according to traditional constitutional law analysis. *See Meyer v. Jones,* 106 N.M. 708, 749 P.2d 93 (1988).

We note that the state legislature has made jail time mandatory for a second offense within five years. *See* § 66–8–102(E). Thus, we conclude that the ordinance is rationally based.

The equal protection clause protects equality of persons as such, but territorial uniformity is not a constitutional prerequisite. *Meyer v. Jones.* Thus, we also conclude that appellees are not denied equal protection because a first offense for drunk driving within Los Alamos County carries mandatory jail time, while a first offense elsewhere does not. If this were a plausible argument, any ordinance that differed from a state statute or another county's ordinance would deny equal protection.

We assume that, as a matter of federal constitutional law, when there is an overlap between two complementary laws of different jurisdictions, enforcement officers may charge a defendant under either law, unless defendant can show discretion was exercised in a discriminatory manner in his or her case. *Cf. United States v. Batchelder; see also Brank v. State,* 528 A.2d 1185 (Del.1987). No facts have been alleged by appellees, nor are any present in the record, indicating that the decision to prosecute appellees under the ordinance, rather than the state DWI law, was based on any constitutionally impermissible factors. Absent such facts, we cannot conclude that there has been a denial of equal protection as a matter of federal constitutional law.

Further, the record in this case does not support a conclusion that there has been a denial of equal protection as a matter of state constitutional law. *Cf. State v. Chavez.* Although a valid statute may become unconstitutional by a change in conditions to which it is applied, *Gallagher v. Evans,* 536 F.2d 899 (10th Cir.1976), nevertheless the constitutionality of legislation is subject to challenge only by persons who demonstrate that their constitutional rights are affected by its application to them. *State v. Casteneda,* 97 N.M. 670, 642 P.2d 1129 (Ct.App.1982). Here, appellees have not demonstrated they have been discriminately singled out for prosecution or that the method of enforcement of the state or county DWI ordinance has been impermissibly applied as to them.

Although the district court found that persons charged with driving while intoxicated have been cited into either magistrate or municipal court at the sole discretion of the arresting officer, defendant conceded at oral argument that county enforcement officers routinely charge under the ordinance rather than the statute. Further, unlike other municipal ordinances, the Los Alamos ordinance applies throughout the county. Therefore, the magistrate court has concurrent jurisdiction with the municipal court over the ordinance. *See generally* NMSA 1978, § 35–3–4(A) (Repl. Supp.1988) (magistrates have jurisdiction in

all cases of misdemeanors and petty misdemeanors, including offenses and complaints under county ordinances). Under these circumstances, we conclude that the trial court's finding does not support appellees' equal protection argument. Because the record does not establish arbitrary enforcement, the district court's decision must be reversed.

## CONCLUSION.

For the above reasons, we reverse the decision of the district court and remand for further proceedings not inconsistent with this decision.

IT IS SO ORDERED.

DONNELLY, Senior Judge, and ALARID, J., concur.