779 P.2d 126

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Dan MIRABAL, Defendant–Appellant.**

**No. 11272.**

Court of Appeals of New Mexico.

July 13, 1989.

Certiorari Denied Aug. 18, 1989.

**750**

Hal Stratton, Atty. Gen., Gail MacQuesten and Margaret McLean, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender and Jerry Todd Wertheim, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

APODACA, Judge.

Defendant appeals his conviction for attempting to obtain a controlled substance contrary to NMSA 1978, Section 30–31–25(A)(3) (Repl.Pamp.1987). Two issues are raised on appeal: whether Section 30–31–25(A)(3) is unconstitutionally vague and whether the state failed to prove jurisdiction. Because we decide these issues against defendant's arguments, we affirm the conviction.

Defendant's conviction was based on his attempt to fill an invalid prescription for Percodan. He moved for a directed verdict at the close of the state's case-in-chief, arguing that the state failed to prove jurisdiction by not presenting evidence that the crime occurred in New Mexico. The vagueness issue was raised for the first time on appeal, but, since it is jurisdictional, we consider the issue on appeal. *State v. Austin*, 80 N.M. 748, 461 P.2d 230 (Ct. App.1969).

Vagueness

Section 30–31–25(A)(3) reads as follows: "A. It is unlawful for any person: .... (3) to intentionally acquire or obtain, or attempt to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge."

Defendant argues the statute is unconstitutionally vague for two reasons. First, he contends the words deception and subterfuge are common words with very general meanings, unlike fraud, forgery, and misrepresentation, such that Section 30–31–25(A)(3) creates amorphous, catch-all crimes tending to sweep up virtually anyone. He next contends that the general attempt statute, NMSA 1978, Section 30–28–1 (Repl.Pamp.1984), which proscribes attempted felonies as misdemeanors, is in hopeless conflict with Section 30–31–25(A)(3), which proscribes both the attempt and the completed crime, resulting in a variety of possible crimes such that people of common intelligence will differ over the statute's application. As an example, defendant suggests that his act of passing a prescription slip to a pharmacist may be deemed as both an attempted forgery, or a completed forgery, resulting in no meaningful way to distinguish a felony attempt to violate the statute and a misdemeanor attempt to do the same. *See State v. Linam*, 90 N.M. 729, 568 P.2d 255 (Ct.App. 1977); *State v. Tooke*, 81 N.M. 618, 471 P.2d 188 (Ct.App.1970).

We disagree with defendant's rationale. Whether a person intentionally acquires or obtains, or attempts to acquire or

obtain, possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge, we hold the statute is specific enough to provide a person with notice and fair warning of the nature of the proscribed act. *See State v. Segotta,* 100 N.M. 498, 672 P.2d 1129 (1983).

We believe the statute proscribes the intentional acquisition or attempted acquisition of a controlled substance by false means, whether it be by misrepresentation, fraud, forgery, deception, or subterfuge. *See* SCRA 1986, 14–3113, Committee Commentary (to the effect that the terms fraud, forgery, and subterfuge are included in the term misrepresentation or deception). It is true that the statute's inclusion of deception and subterfuge may expand the types of conduct proscribed by the statute; however, we disagree that the additional terms are too general or that they are overly sweeping in nature.

In scrutinizing the constitutionality of a statute, we must read it as a whole to ascertain its legislative intent, and the statute's words and phrases are to be considered in their generally accepted meaning. *See State v. Segotta. Webster's Third New International Dictionary* 585 (1986), defines deception as the act of deceiving, cheating, hoodwinking, misleading, or deluding; or a characteristic, arrangement, or situation that deceives or deludes with or without calculated intent. Subterfuge is defined in the same dictionary to mean deception by artifice or stratagem to conceal, escape, avoid, or evade; or a deceptive device or stratagem. *Id.* at 2281. We believe these terms are capable of reasonable application to varying fact patterns. *See State v. Jim,* 107 N.M. 779, 765 P.2d 195 (Ct.App.1988). Additionally, they are specific enough to provide a person with fair warning of the proscribed act's nature. *See State v. Segotta.*

The law is clear that where a special law covers the same matter as a general law, the special law controls. *See City of Albuquerque v. Chavez,* 91 N.M. 559, 577 P.2d 457 (Ct.App.1978). This rule gives effect to a consistent legislative policy. *See State v. Blevins,* 40 N.M. 367, 60

P.2d 208 (1936). This court disregards a defendant's actual ignorance of the law when considering a vagueness contention. *State v. Kenneman,* 98 N.M. 794, 653 P.2d 170 (Ct.App.1982); *State v. Montoya,* 91 N.M. 262, 572 P.2d 1270 (Ct.App.1977). Section 30–31–25(A)(3) proscribes both the attempt to acquire and the actual acquisition of a controlled substance. Both offenses are fourth degree felonies. *See* § 30–31–25(B). Section 30–28–1 proscribes the general attempt to commit a felony.

Since Section 30–31–25(A)(3), on the other hand, proscribes an attempt of a specific act and is thus more specific than Section 30–28–1, the former section controls. *See City of Albuquerque v. Chavez.* We thus hold that the legislature intended to punish attempts under Section 30–31–25(A)(3) specifically as felonies and consequently, that Section 30–28–1 does not apply to such attempts covered by Section 30–31–25(A)(3). *See City of Albuquerque v. Chavez;* § 30–31–25(B). For this reason, irrespective of whether a defendant's act is a completed forgery or an attempted forgery, Section 30–31–25(A)(3) is concerned with and proscribes the attempt to acquire a controlled substance, notwithstanding the subtleties of the general attempt statute.

We conclude that, since the statute provides a person with fair warning of the nature of the proscribed act, it is not impermissibly vague. *See State v. Segotta; State v. Kenneman; City of Albuquerque v. Chavez.*

Jurisdiction

In his docketing statement, defendant contended there was no affirmative evidence on the record that the crime was committed in New Mexico. In particular, he argued there was no evidence that the mall where the crime was allegedly committed was located in the state. This issue is raised pursuant to *State v. Franklin,* 78 N.M. 127, 428 P.2d 982 (1967). On this basis, defendant claimed the state failed to prove jurisdiction. In so claiming, he relied on *State v. Losolla,* 84 N.M. 151, 500 P.2d 436 (Ct.App.1972) (a crime must be prosecuted in the jurisdiction where it was com-

mitted). In *Losolla*, the defendant was convicted of unlawful use of heroin; however, the record did not establish where the defendant had used the narcotic drug.

█ Although the record must establish that a defendant committed the crime in New Mexico, *see State v. Losolla*, we believe jurisdiction is satisfied if the trier of fact can infer from the evidence that the crime occurred in the state. *See State v. Ramirez*, 89 N.M. 635, 556 P.2d 43 (Ct.App. 1976), *overruled on other grounds* by *Sells v. State*, 98 N.M. 786, 653 P.2d 162 (1982). In determining whether substantial evidence supports a criminal charge or an essential element of it, the evidence is viewed in the light most favorable to the state, resolving all conflicts and indulging all permissible inferences in favor of a verdict of conviction. *State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978); *State v. Ramirez*. Also, a directed verdict is not proper where there is substantial evidence to support the conviction. *State v. Robinson*, 94 N.M. 693, 616 P.2d 406 (1980), *overruled on other grounds* by *Sells v. State*, 98 N.M. 786, 653 P.2d 162 (1982).

At trial, the pharmacist testified that he worked at the Revco Pharmacy in the mall and that, on the day in question, a man came into the pharmacy and presented an improperly written prescription. He testified he called the prescribing physician in Ruidoso, New Mexico, who told him that the prescription was invalid. When the pharmacist returned to the counter, the man had already left. At trial, the pharmacist identified defendant as the man who presented the prescription. He also testified he was licensed to practice pharmacy in New Mexico and had practiced pharmacy in the state for over a year. An investigating detective of the Alamogordo Department of Public Safety, testified at trial that he spoke with the pharmacist on the day defendant had attempted to fill the prescription. He also testified he personally picked up the forged prescription at the Revco Pharmacy.

From this testimony, we believe it is reasonable for the trier of fact to have inferred that the mall where defendant at-

tempted to have the prescription filled was located in New Mexico. *See State v. Lankford; State v. Ramirez*. We thus hold that jurisdiction was proven and that the trial court properly denied defendant's motion for directed verdict. *See State v. Robinson; State v. Ramirez*.

For these reasons, we affirm defendant's conviction.

IT IS SO ORDERED.

DONNELLY and CHAVEZ, JJ., concur.