14 P.3d 38

2000–NMCA–105

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Robert DAVIS, Defendant–Appellant.**

No. 20,256.

Court of Appeals of New Mexico.

Sept. 28, 2000.

Certiorari Denied, No. 26,629,
Nov. 17, 2000.

Patricia A. Madrid, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, NM, For Appellee.

Phyllis H. Subin, Chief Public Defender, Christopher Bulman, Appellate Defender, Santa Fe, NM, For Appellant.

## OPINION

ELLINGTON, Judge.

{1} Defendant appeals his conviction of one count of larceny over $250, a fourth degree felony under NMSA 1978, § 30–16–1 (1987). As part of a conditional plea, Defendant reserved the right to argue on appeal that he should have been charged instead with the more specific offense of cheating a machine or device, a petty misdemeanor under NMSA 1978, § 30–16–13 (1963). Defendant raises two issues on appeal. First, Defendant argues that his conviction for larceny over $250 must be reversed because the specific offense of cheating a machine or device applied to his unitary conduct and, under the general-specific rule, prevented his prosecution for the general offense of larceny. Second, Defendant argues that cumulative pretrial irregularities combined to violate his right to due process of law and as a result of that the charges should either be dismissed or he should be allowed to withdraw his plea. Because Defendant failed to reserve his second issue for appeal, we do not discuss it. See State v. Hodge, 118 N.M. 410, 416, 882 P.2d 1, 7 (1994) (holding that defendant may

plead guilty and reserve the right to appellate review of specific issues).

## BACKGROUND

{2} Defendant pled guilty to larceny over $250 under Section 30–16–1 and reserved for appeal the issue we address today. Defendant was alleged to have stolen approximately $400 in quarters from the change machine at the Blast Off Car Wash by using a rigged five dollar bill. Defendant would insert a five dollar bill with tape on it into the change machine enabling him to retain the five dollar bill and still trigger the machine to release the change (quarters) within. At the trial level Defendant filed a motion to dismiss or amend the indictment, arguing that the general-specific rule applied to the facts of his case acting to limit the prosecutor's charging discretion and necessitating his being charged with the misdemeanor offense of cheating a machine or device rather than the felony of larceny. The trial court denied Defendant's motion, distinguishing Defendant's act of theft of quarters from the machine from one of cheating the car wash machine to obtain free car washes. We are not persuaded by Defendant's argument and affirm.

## DISCUSSION

{3} Under the general-specific rule, if one statute deals with a subject in general and comprehensive terms, and another statute addresses part of the same subject matter in a more specific manner, the latter controls. *See State v. Cleve*, 1999 NMSC 017, ¶ 17, 127 N.M. 240, 980 P.2d 23. In the context of criminal law, the general-specific rule operates to compel the state to prosecute under the more specific statute. *See id.* There are two distinct rationales, with corresponding modes of analysis, underlying the general-specific rule. *See State v. Guilez*, 2000–NMSC–020, ¶ 7, 129 N.M. 240, 4 P.3d 1231.

{4} The first, applicable in criminal cases, is an offshoot of the constitutional prohibition against double jeopardy. *See id.* Under this rationale where there is unitary conduct, two statutes (one general and one specific) punishing the same conduct, and a determination that the Legislature did not intend multiple punishment, then the gener-

al-specific rule will require prosecution under the specific statute. *See id.* The "quasi-double-jeopardy" mode of analysis requires a many tiered system of inquiry. *See id.* ¶ 9. First, was there unitary conduct? *See id.* ¶ 12. If not, then the quasi-double-jeopardy analysis ends and only the preemption analysis remains. *See id.* ¶ 14. If there was unitary conduct, then are the elements of the two offenses the same or different? *See id.* ¶ 9. If the elements are the same, then the general-specific rule applies and the prosecution is limited to charging the more specific offense. *See id.* If the elements are different, then a rebuttable presumption of multiple charges attaches and the inquiry must be whether there was nonetheless a legislative intent to limit prosecution. *See Cleve*, 1999–NMSC–017, ¶ 24, 127 N.M. 240, 980 P.2d 23. If there was not legislative intent to limit charging discretion, then the general-specific rule does not apply. *See id.* ¶ 26. If there was legislative intent to limit, then the general-specific rule applies and limits the prosecution to charging the more specific offense. *See id.*

{5} The second rationale for the general-specific rule rests upon the concept of preemption of one statute by another or by a statutory scheme. *See Guilez*, 2000–NMSC–020, ¶ 7, 129 N.M. 240, 4 P.3d 1231. Under this rationale, application of the general-specific rule depends on a determination of whether one statute preempts the other. *See id.* Again, this mode of inquiry has several tiers. Is there a conflict between two statutes or one statute and an overall statutory scheme? *See id.* ¶ 15. A conflict can be found where two statutes prohibit the same matter. *See id.* If there is a conflict, then is it irreconcilable? *See id.* If the conflict is irreconcilable, then the general-specific rule applies. *See id.* If the conflict is not irreconcilable, then was there legislative intent to repeal one through enactment of the other? *See id.* If not, then both statutes apply. *See id.* If there was intent to repeal one by enactment of the other, then the general-specific rule applies and limits prosecution to the non-repealed statute. *See id.*

{6} We begin our review of the present case with the quasi-double-jeopardy analysis. Defendant is alleged to have rigged a five dollar bill with tape to trigger a change machine at a car wash to release its coins and then carried those coins away. Defendant was subject to criminal liability for both larceny, *see* § 30–16–1, and cheating a machine or device, *see* § 30–16–13. The first inquiry is whether the Defendant's conduct using the rigged bill and then carrying away the coins was unitary. The test for unity is whether two events are sufficiently separated by time or space, or whether the quality and nature of the acts, objects, and results can be distinguished. *See Swafford v. State,* 112 N.M. 3, 13–14, 810 P.2d 1223, 1233–34 (1991). Here Defendant's conduct was unitary because Defendant's use of the rigged five dollar bill and the carrying away of the contents of the coin machine occurred close in time and space; the object of the use of the rigged bill was to obtain the coins. The result of the use of the rigged bill was approximately $400 in coins, and the quality and nature of the acts were not distinguishable from the mentioned object and results of the acts. *See Guilez,* 2000–NMSC–020, ¶ 14, 129 N.M. 240, 4 P.3d 1231 (holding defendant's conduct, although overlapping, was not unitary and provided independent factual bases for the charged offenses). The conduct in this case being unitary, we turn to whether the elements of the two statutes, Sections 30–16–1 and 30–16–13, are the same. After review, we find that they are not. The larceny statute requires the actual taking and carrying away of property of a certain value; the cheating statute can be satisfied by a mere attempt and requires the performance of certain actions with regard to machines or devices. Given the differing elements of the applicable statutes in this case, we turn to whether, despite a presumption of permissible multiple charging, the Legislature nonetheless might have intended to limit the prosecutor's charging discretion. In keeping with *Cleve,* we ask whether the violation of one statute will normally result in violation of the other. *See Cleve,* 1999–NMSC–017, ¶ 31, 127 N.M. 240, 980 P.2d 23. Larceny involves the carrying away of the property of another with the requisite intent;

a typical example would be a theft of property from a house during a burglary. A charge of larceny would not normally implicate the cheating of a machine or device. Further, because Section 30–16–13 punishes attempts, it is applicable in a variety of circumstances in which larceny would not be. In this particular case, as the trial judge pointed out, had Defendant obtained a car wash by inserting the rigged bill the circumstances would have been different and Defendant would likely not have been charged with larceny. Thus, violation of one of the statutes would not normally result in the violation of the other.

{7} Looking to the plain language of the statutes, the purposes behind the statutes, and their histories, we find no indication of legislative intent to limit prosecutorial discretion in charging. A plain reading of the statutes demonstrates that the legislature sought to criminalize two forms of criminal conduct. It just so happens that in Defendant's case, his conduct was such that he was potentially subject to charging under both. The implied purposes behind the statutes and the interests protected are different. The larceny statute focuses on the material item taken while Section 30–16–13 focuses on the fraudulent operation of a machine. The valuation breakdown in the larceny statute correlates to the value of the item taken and potentially the violation and harm to the victim by the unauthorized carrying away of property. Further, the history behind the statutes does not evidence an intent to limit prosecutorial discretion. Since its enactment, the larceny statute has been amended three times. The net effect of those amendments, however, has simply been to alter the relative penalties for the theft of items of differing values. *Compare* 1963 N.M. Laws, ch. 303, § 16–1, *with* 1969 N.M. Laws, ch. 171, § 1, *and* 1979 N.M. Laws, ch. 118, § 1, *and* 1987 N.M. Laws, ch. 121, § 1. The cheating a machine or device statute has been unaltered since its enactment. *See* § 30–16–13 history. Both the larceny and cheating a machine or device statutes were enacted at the same time as part of the major overhaul of New Mexico's criminal laws that occurred in 1963. As indicated by the elements analysis and by a plain reading of the statutes, the

Legislature obviously perceived them to be designed to protect different interests. The larceny statute protects people's interest in not having any property actually stolen and the cheating statute protects people's interest in not having machines or devices operated or attempted to be operated except with lawful money to get the property or service provided by the machine or device.

{8} Taking into account these statutory factors, we find that the presumption of permissible multiple charging has not been overcome. Therefore, the quasi-double-jeopardy rationale of the general-specific rule does not apply in Defendant's case and would not limit prosecution to the arguably more specific statute of cheating a machine or device.

{9} We next turn to a preemption analysis. Here, the two statutes come into conflict because the larceny statute, standing alone, criminalizes some of the same conduct as the more specific cheating of a machine or device statute. *See State v. Blevins*, 40 N.M. 367, 368, 60 P.2d 208, 209 (1936). However, this conflict is not irreconcilable. There is no evidence the Legislature sought to repeal one statute with the enactment of the other. As discussed above, the plain language of the statutes, their purposes, and the histories behind them do not evidence a legislative intent to repeal one statute by the enactment of the other. Thus, both statutes apply to the conduct of Defendant and the preemption rationale of the general-specific rule does not preclude prosecution under either or both of the statutes. Therefore, we find that the general-specific rule does not apply to the facts in Defendant's case and did not limit the prosecutor's charging discretion.

{10} Defendant also briefly and equivocally asserts an equal protection argument. Defendant argues that the general-specific rule must apply in his case or else to allow the State to prosecute under the arguably more general statute of larceny would constitute an equal protection violation. Defendant argues that if the general-specific rule does not apply in his case and others like it, the State would be free to charge defendants with the general larceny statute simply to seek a higher penalty. He argues that to thus charge similarly situated defen-

dants differently would constitute a violation of equal protection. We would note that Defendant fails to fully enunciate and brief his argument and fails to specify whether his claim implicates federal or state constitutional protections. The State fails to respond to Defendant's argument in its answer brief. The Defendant's failure to fully discuss the issue leaves us in a precarious position. Similar to the situation in *State v. Arellano*, 1997–NMCA–074, ¶ 16, 123 N.M. 589, 943 P.2d 1042, we find the elements of the two statutes to be different, and are not convinced that *State v. Chavez*, 77 N.M. 79, 82, 419 P.2d 456 (1966), applies to Defendant's case. In *Chavez*, our Supreme Court stated that it "no longer subscribe[d] to th[e] view which would permit the law enforcement authorities to subject one person to the possibility of a greater punishment than another who has committed an identical act. This would do violence to the equal protection clauses of our state and federal constitutions." *Id.* at 82, 419 P.2d at 458 (overruling in part *Aragon v. Cox*, 75 N.M. 537, 541, 407 P.2d 673, 676 (1965) (per curiam)). But *Chavez* is distinguishable in that it involved two virtually identical statutes, *see id.*, which we have indicated is not true here. Thus, for guidance we look to *State v. Wilson*, 116 N.M. 793, 799, 867 P.2d 1175, 1181 (1994) (observing that in the context of arguing discriminatory charging by prosecution defendant had not demonstrated that discriminatory enforcement had actually occurred); *Arellano*, 1997–NMCA–074, ¶ 20, 123 N.M. 589, 943 P.2d 1042 (holding that to support allegation of equal protection violation defendant must make showing discrimination in prosecution); and *Incorporated County of Los Alamos v. Montoya*, 108 N.M. 361, 366–67, 772 P.2d 891, 896–97 (Ct.App.1989) (finding that defendant had failed to allege facts indicating that decision to prosecute under city ordinance rather than state statute was based on any constitutionally impermissible factor). In this case, Defendant does neither clearly allege nor make a showing that prosecutorial discretion was exercised based on constitutionally impermissible grounds in the selection of charges in his case. Absent such a showing, we find that Defendant has not

demonstrated that his federal or state constitutional rights have been violated. *See Arellano*, 1997–NMCA–074, ¶ 20, 123 N.M. 589, 943 P.2d 1042.

## CONCLUSION

{11} For the reasons discussed above, we affirm the trial court's denial of Defendant's motion to dismiss or amend the indictment, and Defendant's conviction for larceny stands.

{12} **IT IS SO ORDERED.**

PICKARD, C.J., and BUSTAMANTE, J., concur.