577 P.2d 457

**CITY OF ALBUQUERQUE,**
Petitioner-Appellant,

v.

**Paul CHAVEZ, Respondent-Appellee.**

No. 3363.

Court of Appeals of New Mexico.

March 21, 1978.

Writ of Certiorari Denied April 11, 1978.

Albert N. Thiel, Jr., Asst. City Atty., Albuquerque, for petitioner-appellant.

Bruce P. Moore, Albuquerque, for respondent-appellee.

OPINION

WOOD, Chief Judge.

City of Albuquerque Ordinance 4.10(B) reads:

B. Attempted operation of vehicle while under the influence. It shall be unlawful for any person under the influence of intoxicating liquor, narcotic drug, other drug or any combination thereof to a degree which renders him incapable of driving safely, to start or attempt to start or operate a vehicle.

Chavez has been charged with violating the ordinance in that he was "asleep behind the wheel with motor running, found to be under the influence of alcohol." The municipal court held the ordinance "cannot be enforced under the state law". The district court agreed; it ruled "that this ordinance is inconsistent with State law", § 40A–28–1, N.M.S.A. 1953 (2d Repl. Vol. 6). We reverse, discussing: (1) Albuquerque's authority to enact the ordinance; (2) general and special laws; and (3) specific authority.

*Albuquerque's Authority*

The parties agree that Albuquerque is a home rule municipality and therefor has authority to enact ordinances "not expressly denied by general law or charter." N.M.Const., Art. X, § 6(D). There is no claim that the city charter prohibits enactment of the ordinance. The question is whether legislative enactments expressly limit Albuquerque's authority. *Apodaca v. Wilson*, 86 N.M. 516, 525 P.2d 876 (1974).

*General and Special Laws*

The municipal and district courts viewed § 40A–28–1, supra, as limiting Albuquerque's authority. That section states: "No

person shall be sentenced for an attempt to commit a misdemeanor." The reasoning of the municipal and district courts was that violation of any municipal ordinance is comparable to a misdemeanor, that Ordinance 4.10(B) defines an attempted misdemeanor and, accordingly, the ordinance is invalid because "expressly denied" by § 40A–28–1, supra. We need not review this reasoning.

 Section 40A–28–1, supra, is a general law. It is not applicable if a special law covers the same matter. *State v. Blevins,* 40 N.M. 367, 60 P.2d 208 (1936); *State v. Gutierrez,* 88 N.M. 448, 541 P.2d 628 (Ct. App.1975). Assuming, but not deciding, that § 40A–28–1, supra, generally prohibits attempted misdemeanors, that statute is inapplicable if another statute authorizes the alleged attempted misdemeanor in this case.

*Specific Authority*

Section 64–15–7, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 2) reads:

> *Provisions of act uniform throughout state.*—The provisions of this act shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any ordinance, rule, or regulation in conflict with the provisions of this act unless expressly authorized herein. Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this act.

"This act", in the above quotation, refers to Laws 1953, ch. 139, which is an act regulating traffic on highways. The last sentence of § 64–15–7, supra, specifically authorizes Albuquerque to adopt additional traffic regulations not in conflict with Laws 1953, ch. 139. See *City of Las Cruces v. Davis,* 87 N.M. 425, 535 P.2d 68 (Ct.App. 1975).

 Chavez' brief recognizes that Ordinance 4.10(B) is a part of Albuquerque's traffic code. Thus, it is a traffic regulation. The ordinance is not in conflict with Laws 1953, ch. 139. Section 64–15–7, supra, is specific authorization for the ordinance;

§ 40A–28–1, supra, being general, is inapplicable.

The order of the district court is reversed; the cause is remanded to the district court. The district court is to remand the cause to municipal court with instructions to restore the cause to the docket of that court.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.